**Telma Judith Ramirez GREGORIO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72784.

Agency No. A75–588–097.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 19, 2004.

Linnette Tano Clark, Law Office of Linnette Tano Clark, Los Angeles, CA, for Petitioner.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Marion E. Guyton, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Telma Judith Ramirez Gregorio ("Ramirez"), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that Ramirez did not establish that the alleged incidents amounted to persecution, that there was a nexus between the incidents and an imputed political opinion, or that there was an objective basis for her claimed fear of future persecution. *See id.* at 1016–18; *Sangha v. INS*, 103 F.3d 1482, 1486–90 (9th Cir.1997).

Because Ramirez failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

withholding of removal. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995).

Ramirez's contentions that the BIA improperly streamlined her case and that the decision to streamline violated her due process rights are foreclosed by *Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir.2004).

### PETITION FOR REVIEW DENIED.